NOT DESIGNATED FOR PUBLICATION

No. 113,702

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUIS BONILLA-ROMERO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; MARITZA SEGARRA, judge. Opinion filed November 20, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*: Luis Bonilla-Romero appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Bonilla-Romero's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed no response.

On June 2, 2008, Bonilla-Romero pled no contest to one count of aggravated battery. On July 7, 2008, the district court sentenced Bonilla-Romero to 10 months' imprisonment but granted probation with community corrections for 18 months. Bonilla-Romero did not timely appeal his sentence.

1

On October 1, 2008, the State filed a motion to revoke Bonilla-Romero's probation on the grounds that he failed to report and failed to pay court costs. The affidavit supporting the motion indicated that Bonilla-Romero had been deported on July 17, 2008. At a hearing on February 2, 2015, Bonilla-Romero stipulated to violating the conditions of his probation. His attorney, noting that Bonilla-Romero was expected to be deported again, requested that the district court terminate the probation. The district court found that Bonilla-Romero was "not amenable to probation" and ordered him to serve the underlying sentence. Bonilla-Romero appealed from that order.

On appeal, Bonilla-Romero contends that the district court erred in revoking his probation and ordering him to serve his underlying prison sentence. He acknowledges that the decision to revoke probation rests within the district court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court correctly found that Bonilla-Romero was "not amenable to probation" because he had been deported and had not reported to his probation officer for over 6 years. Moreover, it appeared that Bonilla-Romero was still subject to deportation. The district court's decision to revoke Bonilla-Romero's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See

2

*Ward*, 292 Kan. at 550. Thus, the district court did not abuse its discretion in revoking Bonilla-Romero's probation and ordering him to serve his underlying prison sentence.

Affirmed.